UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
     vs.     )     07 C 602
     )
IVETH VEGA,     )
     )
     Defendant.     )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the petition of Iveth Vega to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The United States has moved to dismiss the § 2255 petition. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

Vega pled guilty to one count of conspiracy to import a controlled substance in July 2002. In her plea, Vega admitted that she flew from Mexico to Chicago with heroin concealed in her clothes and later supervised codefendants Sonia Rivera and Valerie Ventura in like activities in late 2000 and early 2001. The amount of heroin they brought into the United States totaled between 800 and 1000 grams. During the investigation, Vega advised Rivera that Rivera and her husband should deny that she

had traveled to Mexico or had any involvement with the activities of the conspiracy if they were questioned by law enforcement agents.

The plea agreement provided that the parties agreed to a base offense level of 30 based on the amount of drugs involved. In addition, the offense level was increased by three because Vega was deemed a manager and supervisor of Ventura and Rivera and by two more levels because of Vega's attempts to prevent Rivera from providing truthful information to law enforcement. The agreement placed Vega's criminal history category at I; the applicable guideline range for her criminal history category and offense level of 35 was 168-210 months. During plea negotiations, Vega refused to provide any assistance to the government, and there is no indication within the plea agreement that the parties envisioned future cooperation from her. Finally, the agreement specified that Vega waived her right to appeal a sentence imposed within the maximum provided in the statute, which was life in prison.

At the ensuing sentencing hearing, this court accepted the guideline calculation set forth in the plea agreement and imposed a sentence at the low end of the range: 168 months. Vega did not appeal her sentence.

Nine months after the sentencing, the government contacted Vega through her attorney about the possibility of a proffer and testimony in connection with an investigation that ultimately resulted in an indictment against Antonio Moreno Flores in case number 03 CR 716. According to Vega, she informed her attorney that she would not cooperate unless the government agreed to reduce her sentence. Vega proffered evidence and testified before the grand jury. Because Flores pled guilty in

January 2004, Vega did not provide trial testimony. The government did not request that her sentence be reduced.

In August 2004, Vega wrote to the prosecutor, asking "[a]m I really getting a Rule 35, or am I doing the rest of the ten years I have left?"[1] In April 2005, she again wrote to the prosecutor, stating "I called my lawyer...on Feb. 2004 and he said I might get a Rule 35 but it will take from thirty days to a year[2]...can you please find out if I'm really getting a sentence reduction (Rule 35)...do I have to finish doing the rest of the ten years I have left of my sentence?"

In June 2006, Vega attempted to bring a motion to reduce her sentence. Though she referred to Fed. R. Crim. P. 35(b), we construed her filing as a potential attempt to seek relief under 28 U.S.C. § 2255 and allowed her to withdraw the motion and file a § 2255 motion if she so chose. She filed the instant motion January 31, 2007, reiterating her contentions with respect to a reduction in her sentence according to Rule 35(b) and adding two new assertions. One pertains to her attorney's representation of her after her sentencing, specifically in connection with obtaining a reduction in exchange for her participation in the Flores investigation. In the other, she contends that she did not understand the terms of her plea agreement, impliedly asserting that her sentence resulted from a guilty plea that was not knowing.

---

[1]Vega contends that this communication was also sent to the court, but the docket does not reflect any such submission.

[2]Despite this statement to the prosecutor, in her response to the government's motion to dismiss, Vega states that, despite numerous attempts to contact her attorney between January and August 2004, her attorney did not return her phone calls.

## LEGAL STANDARDS

### A. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255

Section 2255 permits a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that "the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Such collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

### B. Motions to Reduce Sentence Pursuant to Fed. R. Crim. P. 35(b)

Federal Rule of Criminal Procedure 35(b) enables the government to move for a reduction in an imposed sentence when a defendant provides substantial assistance in the investigation or prosecution of another person. As is true for its presentencing counterpart, U.S.S.G. § 5K1.1, the decision to request such a reduction is within the discretion of the prosecutor. *See*, *e.g.*, *United States v. Burrell*, 963 F.2d 976, 985 (7th Cir. 1992). Unless the decision is made for unconstitutional reasons, is unrelated to a

legitimate government interest, or violates a contractual obligation, the government is free to refuse to request a sentence reduction. *See Wade v. United States*, 504 U.S. 181, 184, 112 S. Ct. 1840, 1843 (1992); *United States v. Wilson*, 390 F.3d 1003, 1009 (7th Cir. 2004); *United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996).

**DISCUSSION**

**A. Grounds One and Two**

Section 2255 provides a narrow and extraordinary remedy; it is available only in instances where the sentence initially imposed violated the Constitution or laws of the United States, exceeded the legal maximum, or was otherwise subject to collateral attack at the time it was imposed. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Grounds one and two of Vega's motion involve events that occurred after her sentence was pronounced that do not impact the constitutionality of that sentence or otherwise qualify as potential bases for § 2255 relief. They are dismissed for that reason.

Even if that were not the case, Vega's position that the government is required to move for a reduction of her sentence under Rule 35(b) is not meritorious. She has produced no documentation of any promise by the government that such a motion would be made. Such documentation is required to establish that the government has relinquished its discretion to request sentencing reductions after the initial term of imprisonment has been established. *See Bischel*, 32 F.3d at 264-65.

Furthermore, Vega's evidence of an oral agreement (assuming that such an agreement was enforceable in this context) is insufficient to establish that the parties

came to a meeting of the minds and created a valid and enforceable legal obligation. *See Martin v. State Farm Mut. Auto. Ins. Co.*, 808 N.E.2d 47, 55 (Ill. Ct. App. 2004); *see also Schwinder v. Austin Bank of Chicago*, 809 N.E.2d 180, 192 (Ill. Ct. App. 2004) (noting that remedy of specific performance available only when parties have a valid and enforceable contract).[3]  While she now provides unsupported assertions of a promise by the government, her repeated inquiries to the prosecutor as to whether she would have to serve her full sentence indicate that she was not under the impression that a motion was guaranteed at that time.  She also states that her attorney told her only that she "might" receive a 35(b) reduction, and his affidavit corroborates a conclusion that he did not convey to her that the motion was certain to occur.  This kind of equivocal history is not sufficient to indicate that the parties had an oral contract.

**B.  Ground Three**

The third ground of Vega's petition asserts that the plea underlying her sentence was not knowing and therefore pertains to the legality of her initial sentence.  However, 28 U.S.C. § 2255 ¶ 6 mandates that a motion to vacate, set aside, or correct a sentence be filed within one year after the latest of the four specified dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[3]Federal courts considering agreements made by prosecutors in criminal cases apply general contract principles, typically contained in state law decisions. *United States v. Andreas*, 216 F.3d 645, 663 n.5 (7th Cir. 2000).

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Given that Vega would have been aware of her own ability to understand her agreement with the government when she changed her plea, there can be no argument that any governmental action impeded her ability to file in a timely manner or that her claim is based on evidence that she did not obtain until a later time. Neither is her third ground premised upon any right newly recognized by the Supreme Court. Consequently, the one-year clock began to run on the date that the judgment of her conviction became final.

Our research has not revealed an opinion from the Seventh Circuit addressing the question of when a judgment of conviction becomes final if a defendant does not file a direct appeal. However, four other circuits have held that finality attaches when the time for appeal expires. *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Vega had until October 30, 2002, to appeal the sentence imposed on October 16. Fed. R. App. P. 4(b), 26(a)(2). To have been timely, Vega's § 2255 motion would have needed to be filed by October 30, 2003.

As Vega notes, the one-year time limit is not jurisdictional and can be extended in narrow instances such as "unique circumstances" or those giving rise to equitable

tolling. *See Poe v. United States*, 468 F.3d 473, 477-78 (7th Cir. 2006) (unique circumstances); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (equitable tolling). According to Vega, her time to file a § 2255 motion should be equitably tolled by her efforts to secure a Rule 35(b) reduction and her reliance on statements she alleges her attorney made regarding her ability to obtain such a reduction. Even assuming that events unfolded as Vega asserts, they do not present a sufficient basis to apply equitable tolling. *See Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Equitable tolling applies only when "extraordinary circumstances beyond the litigant's control prevented timely filing." *Robinson v. United States*, 416 F.3d 645, 650 n.1 (7th Cir. 2005). Vega's later interactions with the government did not affect her ability to assert that she did not knowingly plead guilty to the charge against her, so they could not have prevented her from filing a § 2255 motion advancing that contention. Her assertion that she could file a timely motion after October 2003 falls flat, and the third ground of her motion is dismissed as untimely.

## CONCLUSION

For the reasons set forth above, the motion to dismiss Vega's § 2255 motion is granted.


_____
Charles P. Kocoras
United States District Judge


Dated:    June 12, 2007

- 8 -